## HOMINY LIGHT & GAS CO. et al. v. STATE et al.

No. 17509.    Opinion Filed May 1, 1928.

(Syllabus.)

**1, 2, 3. Corporation Commission — Gas—Rate Regulation—Reasonable Value of Property as Basis.**

Paragraphs 8, 2, and 16 of the syllabus in the case of Oklahoma Natural Gas Co. v. Corporation Commission et al., 90 Okla. 84, 216 Pac. 917, are hereby adopted as the first, second, and third paragraphs, respectively, of the syllabus in this case.

**4. Same—Burden on Appellant to Overcome Presumption of Reasonableness of Order Fixing Rate.**

Paragraph 2 in the case of Pressure Oil & Gas Co. v. Tri-City Gas Co., 108 Okla. 248, 236 Pac. 41, is hereby adopted as the fourth paragraph of the syllabus in this case.

**5. Same—Sufficiency of Evidence to Sustain Order.**

Where the evidence fairly shows that a rate fixed by the Corporation Commission will bear a reasonable net return on the investment, this court will not disturb the findings and order of the Corporation Commission made thereon.

**6. Same—Order Fixing Gas Rates Sustained.**

Record examined: held, that the evidence reasonably supports the order and judgment of the Corporation Commission.

Commissioners' Opinion, Division No. 1.

Appeal from Corporation Commission.

Appeal by the Hominy Light & Gas Company et al. from an order of the Corporation Commission fixing gas rates to be charged by appellant. Affirmed.

Ames, Lowe & Cochran and Henshaw & Howe, for plaintiffs in error.

Leander Hall, Wood & Jones, and E. S. Ratliff, for defendants in error.

LEACH, C. On August 26, 1924, the Hominy Light & Gas Company filed applica-

tion with the Corporation Commission for authority to increase its domestic gas rates within the city of Hominy, where it was distributed and selling natural gas. No action was taken on the application until December, at which time the Commission, on an ex parte showing, entered a temporary order permitting the company to increase its rate from 40 to 50 cents per M cubic feet, effective December 1, 1924, with a provision for refund of excess collections in event the Commission should find upon final hearing that the company was not entitled to charge the full 50-cent rate. It was further ordered that the Hominy Pipe Line Company be made a party to the action, which company was engaged in transporting gas from the field to the distributing company, both companies being owned and controlled by the same stockholders.

Commencing July 5, 1925, various hearings were had before the Commission on the petition, which resulted in an order by the Corporation Commission on December 9, 1925, fixing a rate of 45 cents per M for the first 50 M. cubic feet per month, and all in excess thereof 25 cents per M cubic feet effective as of December 1, 1924. Thereafter, on December 28th, a motion was filed by the company, praying the Corporation Commission to suspend its order, that the cause be reopened, that petitioner be allowed to introduce further evidence relating to expense and income of the company for the year ending December 31, 1925, that the Commission reconsider its former order, and petitioner be allowed a rate of 50 cents per M cubic feet. A further hearing was had on the matter commencing February 8th, and, thereafter, on April 6, 1926, the Commission entered an order fixing a rate of 47 cents per M cubic feet in lieu of its former order of 45 cents, from which last order the companies bring this appeal, and assign several errors in the ruling and order of the Corporation Commission. The questions involved may be disposed of under assignments of error Nos. 2 and 6, which are, in substance:

"The Corporation Commission erred in eliminating and refusing to consider proper and legitimate expenses incurred by plaintiff in the operation of its property. The Commission erred in its judgment and order in that the rates established are unreasonably low, uncompensatory, confiscatory, and requires plaintiff to perform its services without a reasonable return and proper depreciation and amortization, thereby confiscating plaintiffs' property."

The Hominy Light & Gas Company was organized in the year 1914, and the Hominy Pipe Line Company in February, 1922. The shareholders in the two companies were the same, the latter company operating a transmission system transporting gas purchased from the I. T. I. O. Co. in the field and delivering the same to the distributing company at Hominy. The Corporation Commission, without objection, considered the two companies as one unit or system in arriving at a valuation and rate. The Commission, under its findings and order of December 9, 1925, found and fixed the valuation of the used and useful property of the companies at $101,442.45, and under its order of April 6, 1926, increased the valuation, as a basis for rate-making, to $102,259.02. Plaintiffs in their brief, in referring to the valuation, after stating the amount, say:

"While this was much less than was contended for by plaintiff in error, however, since that date a part of the property was sold for that amount, and we assume the value of the property sold at voluntary sale would preclude us from further questioning the value."

Nevertheless, in their reply brief they complain of the failure of the Corporation Commission to allow certain alleged improvements made by the companies during the year of 1925, and say, "Mathematical computations will disclose that property not included by the Commission in its last order amounts to $4,926.25," and assert that the rate does not cover such increased valuation. It is contended by plaintiff that the Corporation Commission only allowed betterments made during the months of October, November, December, 1925, and it sets out in its brief certain items and sums which it says were disclosed by its quarterly reports to the Commission. The brief does not point out where such reports may be found in the record. If they are therein shown, we do not find them.

In the last order of the Commission are shown the following additions or increase in valuation:

Additions to Pipe Line Co., since inventory (744 reports) $825.82.

Additions to Distributing Co., since inventory (744 rpts.) $990.75.

Such items make up the total increase allowed over the former valuation. The evidence supporting the last order of the Commission is very meager and unsatisfactory. We find no direct proof in the record sustaining, as we view it, any increase in valuation. From the evidence and record, we are unable to determine or say that the increase in valuation allowed by the Corporation Commission under its last finding and order was incorrect, or that the amount allowed for

additions was insufficient. It may have been that the Corporation Commission considered the reports referred to in the brief of plaintiff, and concluded that such additions were not proper items to be added to the capital investment or valuation. The finding and judgment of the Commission are presumed to be correct, and the burden is upon the plaintiff to establish its cause.

"In a proceeding instituted before the Corporation Commission by a public utility for the purpose of having established a rate to be charged by it for the service rendered, it is incumbent upon such public utility to establish by competent evidence the fair and reasonable value of its property used and useful in the public service at the time of the inquiry." Oklahoma Natural Gas Co. v. Corporation Commission, 90 Okla. 84, 216 Pac. 917.

Further reference in the brief of plaintiff states the additions are partially disclosed by exhibits C-1 and C-2 offered by the company on rehearing. We have examined the two exhibits, but are unable to find therein the additions or betterments claimed, unless part thereof be included under "miscellaneous expense," not itemized and sought to be charged as operating expense. Under exhibit C, the Commission allowed as an operating expense for the year 1925, the item "Mains, $1,448.33"; likewise, there was allowed by the Commission approximately $1,500 for repair of mains, meters, gas regulators, and meter changes, listed in exhibit C-2, without reference to the same being for repairs. The exhibits C-1 and C-2 referred to are entitled "Profit and Loss Account for the year 1925," and purport to cover the income and operating expense of the companies for the year 1925. Upon the rehearing, Chas. W. Robbins, as a witness on behalf of plaintiff, testified he was manager of the plaintiff company and had been such about three months. Counsel for plaintiff asked the witness the question:

"Q. Now, have you made a statement, or had one made, from the records of the profit and loss account of the Hominy Pipe Line Company for the year ending December 31, 1925?"

—to which question the witness answered in the affirmative, likewise, he was asked a similar question as to the Hominy Light & Gas Company, to which he answered, "Yes." The two statements referred to were then offered in evidence as exhibits C-1 and C-2, and admitted over objections.

Upon cross-examination, the witness Robbins was asked by the chairman concerning the item of mains, $1,448.33, which appears in exhibit C-1, the question, "Is there any building of mains included in that item?" to which the witness replied: "I cannot vouch for this entirely, since I only had operation of the plant for part of the year; so far as my own experience is concerned, no." The witness Robbins, in his deposition taken February 5th, was asked the following questions: "Mr. Robbins, I notice in the notice here for rehearing $5,869.67 spent for additions and betterments. State for the benefit of the record what the major part of this money was spent for." To which he replied, "Not being here at the time the additions and betterments were made, I could not say without a detailed examination of the records." The record does not show, so far as we are able to find, explanation or facts sufficient to sustain the claim of additional value by reason of additions during the year 1925. The engineer representing the Corporation Commission, as well as the company engineer, prepared their estimates and inventories of the properties as of the date of March 31, 1925, and the Commission in arriving at the value of the properties under its first order considered such engineers' estimates. Assuming the additions were made as claimed in the plaintiff's brief, we would not be inclined to change the valuation or rate as fixed by the Commission, for the reason we consider the value as fixed a liberal one, which would permit of some actual addition in value by improvements, without changing the value as determined by the Commission. We feel justified in saying this for the reason there was included in the valuation, as well as other items which might be questioned, a pipe line of approximately three miles which had not been in use since the year 1921. Likewise, certain real estate was included which had a questionable value and use as an operating asset.

The Commission in its order of December 9, 1925, referring to valuations as fixed by the engineers stated:

"The Commission feels that they (engineers) have each been very liberal in their allowance for what is known as overheads. The evidence as to these items of value discloses that they represent no actual expenditure in the organization, construction, and operation of the plant under consideration, but are merely hypothetical estimates based upon percentages of what the engineer considers might be found necessary in the reconstruction, at the present day, of similar properties."

There was considerable latitude between the book value, or actual cost of the property, and rate value; likewise, there was a discrepancy in favor of the company be-

tween the amount and items of property listed and shown for taxation and listed and shown for rate purposes. It was said in the case of Oklahoma Natural Gas Co. v. Corporation Commission, supra, and similar cases before this court:

"The value of the property for rate-making purposes is the reasonable fair value of the property as the same exists at the time the inquiry is made; and that in determining the fair value of the property neither original cost or reproduction cost new, considered separately, is determinative, but that consideration must be given both to original cost and present reproduction cost, less depreciation, together with all of the other facts and circumstances which would have a bearing upon the value of the property, and from a consideration of all these, a fair present value is to be determined." Western Oklahoma Gas & Fuel Co. v. State, 113 Okla. 126, 239 Pac. 588; American Indian Oil & Gas Co. v. City of Poteau, 108 Okla. 215, 235 Pac. 906; Pressure Oil & Gas Co v. Tri-City Gas Co., 108 Okla. 248, 236 Pac. 41.

Considering the record as a whole, we are of the opinion, and find the valution of the properties as fixed by the Corporation Commission for rate-base purpose, a fair and reasonable one, and that the record does not justify our increasing the same.

Plaintiff complains of the action of the Commission in excluding from expenses during the year 1925 certain items, among such being:

Meters _____$410.00
Gas regulators _____ 452.00
Cost of meter changes _____ 360.00

—which items are listed as operating expenses of the Pipe Line Company in exhibit C-1, covering the year 1925. No mention is made of such items in the finding and order of the Commission under its orders, nor is there any testimony or evidence in the record referring specifically thereto. However, the Commission allowed as an operating expense approximately $1.200 for meters, gas regulators, and meter changes listed in exhibit C-2, which have heretofore been referred to. It is contended by the plaintiff that the items are supported by the record and represent money actually expended by the company in the operation of its property. The question whether the items are entitled to be included as operating expenses cannot be determined by us from the record. The items would seem to be chargeable to capital investment or replacement rather than to operating expense. Since the Commission did not include the items in operating expense, and the record is silent as to the

items except merely to show the introduction of the exhibit in which they are listed, we do not feel justified to add the items to the operating expense. Exhibit C includes an item of $346.33 as taxes on the Pipe Line Company, while the Commission allowed only $321.70, a reduction of $24.63 on such taxes. The plaintiff in its brief in referring to the matter say:

"We assume this difference is a mere clerical error on the part of the Commission."

We assume exhibit C-1 in error as to the amount of such taxes, because, in the finding and order of the Commission, we find the following entry opposite the item allowed for such taxes:

"Taxes (Pipe Line Company) as per tax receipts."

Apparently, the Commission had before it the actual tax receipts on which it based the amount.

The exhibits C-1 and C-2 prepared and submitted by the company are not verified, and the witness, Robbins, through whom they were introduced, indicates from his testimony that he was not conversant with the items as set forth therein, and does not know the correctness thereof. We do not give such exhibit the full weight plaintiff desires for the reason a somewhat similar exhibit prepared by the company and offered in the former hearing was not sustained as to many items therein when the evidence and facts relating thereto were brought out in a full and proper hearing before the Commission.

The next item is one of $2,000 alleged to have been paid by the company in settlement of a damage suit during the year 1926. the damages occurring during the year 1925, while brief of defendant in error says damage occurred during the year 1923. The nature of the damage and suit is not shown in the record, unless it be the following brief reference under operating expense item shown in last order: "Miscl.—Gen. & Dist. Co." (excluding $2,000 explosion compromise and $125.65 interest, both applicable to previous years). Assuming the settlement and expenditure were justified, that the company carried no insurance indemnifying itself against such loss, then it might appear such sum a proper charge allowable as an operating expense, the amount paid to be distributed over a term of years. The company contends in its brief that such damage and loss was the first the company had suffered, and that it should be allowed at least one-third of the item as an operating

expense for the year 1925. Assuming such amount should have been considered as an operating expense, we consider the amount more than offset by an item of miscellaneous receipts, $487.79, which is shown in exhibit C-2 as earning of the company for the year 1925, which item does not appear to have been taken into consideration or added by the Commission as earnings for such year; also by the value of excess, unnecessary loss or leakage of gas handled by the companies. The record discloses the company purchased 67,058 M cubic feet of gas which was unaccounted for, a loss or leakage which was equivalent to 27.52 per cent. of the total gas purchased in 1925. A similar loss of over 20 per cent. was shown in the year 1924. Such loss is excessive, and the consumers should not be charged with the excess cost. The Commission did not deduct anything for such excessive leakage, but directed every effort be made to reduce the same.

The Commission, upon the valuation fixed, and cost of operation, estimated a sufficient rate to allow 8 per cent. interest to stockholders on their investment, and 5 per cent. interest for depreciation and amortization. It is contended by plaintiff that the 5 per cent. interest allowed is insufficient to cover depletion or amortization, it being asserted the life of the investment and use of the property is approximately 20 years; that the company was entitled to a sufficient rate on its investment to insure a total return of such investment less the sale value of the property at the end of its present use. The right of the stockholders or company to earn such sum as would reimburse the investor for the original capital investment at the termination of the business is universally recognized, was so recognized by this court in the case of Oklahoma Natural Gas Co. v. Corporation Commission, supra, and, as we consider, recognized by the Commission in the present case. It will be observed that the right of recovery is limited to the original capital investment which would not include a market increase in value over the actual capital invested. Such appears to be the rule announced in the case of U. S. Fuel Gas Co. v. R. R. Co. of Ky. (U. S. Dist. Court Ky.) Fed. Rep. (2d) vol. 13, p. 510, and other cases therein cited.

In the case of Oklahoma Natural Gas Co. v. Corporation Commission, supra, it was there contended by plaintiff that it was entitled to a rate of from 12 to 15 per cent. for depreciation and amortization, and the court, referring thereto, said:

"* * * This would, no doubt, be true, if the company had but recently started its business, but the witnesses evidently overlooked the fact that the company had been operating for several years, and failed to take into consideration past earnings in order to arrive at a proper allowance for this purpose. In order to arrive at a reasonable and just allowance for this purpose, it is proper to take into consideration the age of the company and its fiscal history."

Plaintiff companies, in the instant case, have declared, at different times, considerable liberal dividends, which fact must be taken into consideration in determining the rate on original investment. As to whether the life of the company or its operations will be limited to 20 years, by reason of exhaustion of natural gas supplies, is problematical and uncertain. At the time of hearing, the distributing company had been operating approximately ten years. A witness, who testified on behalf of plaintiff, stated he was conservation engineer for the I. T. I. O. Company, the company from whom the plaintiff was principally purchasing its gas; that he had been located in that vicinity and employed in that line of business for approximately 20 years; that he had made a study of the gas situation; that he estimated under present rate of sales that the future supply of gas on the entire lease of the company would be about 12 to 15 years; that it was a difficult matter to tell just how much gas there was; further stated his company had not ceased drilling operations; that it owned or controlled gas leases on several thousand acres in the vicinity; that they expected to continue drilling operations to furnish gas during the life of the lease, or until the supply is depleted up until 1947. There was evidence indicating plaintiff was not entirely limited to its purchase and supply of gas from the I. T. I. O. Co.

"On appeal from an order of the Corporation Commission fixing a rate to be charged by a gas company, if there is any evidence reasonably tending to support the order of the Commission, the prima facie presumption of the order's being reasonable, just, and correct, obtains by reason of section 22, art. 9, of the Constitution, and the burden is upon appellant to overcome that presumption." Pressure Oil & Gas Co. v. Tri-City Gas Co., 108 Okla. 248, 236 Pac. 41.

From an examination of the record in this cause, we find the evidence reasonably supports the order of the Commission. We are of the opinion the valuation and rate fixed by the Commission is reasonable, correct, and just; that plaintiff has not been deprived of any substantial right. Therefore, the order of the Corporation Commission is approved.

BENNETT, TEEHEE, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1, 2, 3) 28 C. J. p. 581, §43. (4) 28 C. J. p. 586, §47. (5) 28 C. J. p. 584, §47.